# EXHIBIT A

8/22/2017 4:19:46 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 19009561
By: JOHN-MILLER, LEWIS
Filed: 8/22/2017 4:19:46 PM

## CIVIL PROCESS REQUEST
## 2017-56195 / Court: 080

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):** Plaintiff's Original Petition

**FILE DATE OF MOTION:** _____
                          Month/     Day/     Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: Allstate Vehicle and Property Insurance Company

   ADDRESS: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140

   AGENT, (*if applicable*): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):** Citation

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **MAIL**                      [✓] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication: [ ] **COURTHOUSE DOOR, or**
  - [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER**, *explain* _____

**********************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):** _____

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **MAIL**                      [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication: [ ] **COURTHOUSE DOOR, or**
  - [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Andrew Taylor                          TEXAS BAR NO./ID NO. 24070723

MAILING ADDRESS: Daly & Black, P.C., 2211 Norfolk, Suite 800, Houston, TX 77098

PHONE NUMBER: 713 655.1405          FAX NUMBER: 713 655.1587
              area code / phone number                 area code / fax number

EMAIL ADDRESS: ecfs@dalyblack.com

CIVIC108 Revised 9/7/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

**CIVIL CASE INFORMATION SHEET**

**Chris Daniel - District Clerk**
**Harris County**
Envelope No: 19009561

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2017-56195 / Court: 080**
COURT *(FOR CLERK USE ONLY):*
By: JOHN-MILLER, LEWIS

STYLED   MYRON GLAZE VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
Filed: 8/22/2017 4:19:46 PM

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: <br><br> Andrew Taylor | Email: <br><br> ecfs@dalyblack.com | Plaintiff(s)/Petitioner(s): <br><br> MYRON GLAZE | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| Address: <br><br> 2211 Norfolk St., Ste 800 | Telephone: <br><br> (713) 655-1405 | | Additional Parties in Child Support Case: |
| City/State/Zip: <br><br> Houston, Texas 77098 | Fax: <br><br> (713) 655-1587 | Defendant(s)/Respondent(s): <br><br> ALLSTATE VEHICLE AND <br><br> PROPERTY INSURANCE COMPANY | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signature: <br><br> /s/ Andrew Taylor | State Bar No: <br><br> 24070723 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐ Enforcement |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Modification—Custody |
| ☒ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Other |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | **Title IV-D** |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | ☐ Enforcement/Modification |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | ☐ Paternity |
| | ☐ Legal | ☐ Other Property: | | ☐ Reciprocals (UIFSA) |
| *Foreclosure* | ☐ Medical | | | ☐ Support Order |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | |
| ☐ Other Foreclosure | Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | | ☐ Expunction | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | Judgment | Termination |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Non-Competition | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Other Contract: | ☐ Other Product Liability | Pre-indictment | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| | List Product: | ☐ Other: _____ | of Minority | ☐ Grandparent Access |
| | | | ☐ Other: _____ | ☐ Parentage/Paternity |
| | ☐ Other Injury or Damage: | | | ☐ Termination of Parental Rights |
| **Employment** | | **Other Civil** | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: _____ | | |
| | ☐ Intellectual Property | | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult | |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor | |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health | |
| | ☐ Other Estate Proceedings | ☐ Other: _____ | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

8/22/2017 4:19 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19009561
By: Lewis John-Miller
Filed: 8/22/2017 4:19 PM

# 2017-56195 / Court: 080

CAUSE NO._____

| | | |
|---|---|---|
| MYRON GLAZE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Myron Glaze ("Mr. Glaze"), Plaintiff herein, files this Original Petition against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.     Myron Glaze is a Texas resident who resides in Harris County, Texas.

2.     Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

### II.
### DISCOVERY

3.     This case is intended to be governed by Texas Rule of Civil Procedure 190.2.

1

## III.
## CLAIM FOR RELIEF

4.     The damages sought are within the jurisdictional limits of this court.  Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

## IV.
## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.     Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Harris County.

## V.
## FACTUAL BACKGROUND

7.     Mr. Glaze is a named insured under a property insurance policy issued by Allstate.

8.     On or about March 24, 2017 a storm hit the Cypress, Texas area, damaging Mr. Glaze's house and other property. Mr. Glaze subsequently filed a claim on his insurance policy.

9.     Defendant improperly denied and/or underpaid the claim.

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

12.     Moreover, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Allstate had a contract of insurance with Plaintiff.  Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

    (1)     misrepresenting to Plaintiff a material fact or policy provision relating to
            coverage at issue;

    (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable
            settlement of a claim with respect to which the insurer's liability had
            become reasonably clear;

3

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated Section 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.     Defendant has violated the Texas DTPA in the following respects:

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

4

(2)    Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.   Attorneys' Fees**

24.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

5

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.     Pursuant to Texas Rules of Civil Procedure 194 and 190.2(6), Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l) and all documents, electronic information, and tangible items that they have in their possession, custody, or control and may use to support their claims or defenses.

29.     Defendant Allstate is also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Myron Glaze prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Glaze be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Glaze may show himself to be justly entitled.

6

Respectfully submitted,

**DALY & BLACK, P.C.**

By:    */s/ Andrew Taylor*
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        Andrew Taylor
        TBA No. 24070723
        ataylor@dalyblack.com
        Charlie C. Gustin
        TBA No. 24078605
        cgustin@dalyblack.com
        David Bergen
        TBA No. 24097371
        dbergen@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

        **ATTORNEYS FOR PLAINTIFF**
        **MYRON GLAZE**

Unofficial Copy Office of Chris Daniel District Clerk

7

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that

Defendant (1) answer the following discovery requests separately and fully in writing under oath

within 30 days of service (or within 50 days of service if the discovery was served prior to the date

an answer is due); (2) produce responsive documents to the undersigned counsel within the same

time period; and (3) serve its answers to these discovery requests within the same time period to

Plaintiff by and through his attorneys of record, Daly & Black, P.C., 2211 Norfolk St, Suite 800,

Houston, Texas 77098.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *Andrew Taylor*
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
Andrew Taylor
TBA No. 24070723
ataylor@dalyblack.com
Charlie C. Gustin
TBA No. 24078605
cgustin@dalyblack.com
David Bergen
TBA No. 24097371
dbergen@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
MYRON GLAZE**

1

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ Andrew Taylor
Andrew Taylor

Unofficial Copy Office of Chris Daniel District Clerk

## **INSTRUCTIONS**

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1.   You know the response made was incorrect or incomplete when made; or
   2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

3

## DEFINITIONS

A.    **"Defendant," "You," "Your(s),"** refers to Allstate Vehicle and Property Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B.    **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.    **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.    **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.    **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.    **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice or otherwise assigned to the claim by the insurer.

G.    **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.    **"Lawsuit"** refers to the above styled and captioned case.

I.    **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.    The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

4

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.    The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.    The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.    The terms **"identification," "identify,"** and **"identity"** when used in reference to:

    1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

    2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form of organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

    3.  **Documents**: Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

    4.  **Communication**: Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

    5.  **Activity**: Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.    The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

5

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

6

## INTERROGATORIES TO DEFENDANT ALLSTATE

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

    **ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;
    b.    their employer; and
    c.    description of their involvement with Plaintiff's Claim

    **ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

    **ANSWER:**

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

    **ANSWER:**

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

    **ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

8

## REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

9

**REQUEST FOR PRODUCTION NO. 7**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

11

**REQUEST FOR PRODUCTION NO. 19**

Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**

Please produce the Claims Core Process Review in effect during the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**

Please produce all versions of the Claims Core Process Review in effect for the three years preceding the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**

For any changes made in the last three years to your Claims Core Process Review, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**

Any requests for information by the Texas Department of Insurance to Defendant and any response to such request by Defendant to the Texas Department of Insurance regarding claims arising out of the March 24, 2017 storm.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
All documents sent to, or received by Defendant from the Texas Department of Insurance, the Texas Insurance Commissioner and/or their agents, relating to the handling of hail and/or windstorm claims within the last three (3) years. This request includes all bulletins received by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
All advertisements, marketing or promotional items that addressed the handling of hail and/or windstorm claims, published, used and/or distributed by Defendant in Harris County within the last three (3) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Your written procedures or policies that pertain to the handling of windstorm and/or hail claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
For any changes made in the last three years to your written procedures or policies pertaining to the handling of windstorm and/or hail claims in Texas, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Any document setting forth Defendant's criteria and methodology used in determining whether and how to apply depreciation on hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Any document setting forth Defendant's criteria and methodology used in determining whether to replace the drip edge on a roof when Defendant has estimated a roof replacement on a hail and/or windstorm claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Any document setting forth Defendant's criteria and methodology used in determining the applicability of overhead and profit in the preparation of estimates for hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
All service agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) or entity(ies) who handled the claim made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Any document setting forth how Defendant compensated the adjuster and other individuals who handled Plaintiffs' claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Any document related to performance-based pay or incentive-based pay programs that Defendant offers to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Any document related to standards by which Defendant evaluates the performance of adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
Any document related to how Defendant issues pay raises and bonuses to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
Any document referencing "customer-payment goals" sent by Defendant to claims office managers regarding hail and/or windstorm claims in Texas during the time period of January 1, 2016 through August 31, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**
Any document setting forth Defendant's criteria and methodology used to determine when it appropriate to invoke appraisal on a hail/windstorm claim in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**
Any document setting forth Defendant's criteria and methodology used to determine what items contained within an appraisal estimate and/or appraisal award should be covered and paid for by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**
Any and all communications between Defendant and any third party during the claims handling process of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42**
Produce all documents evidencing any incentives, financial or otherwise, provided to adjusters responsible for handling claims related to this loss, and this storm event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43**
Produce all communications between any Allstate representative and any adjuster handling a
claim pertaining to this storm event, related to the company's loss ratio.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**
Please produce all documents related to Allstate's Claims Core Process Review, including any
such training material provided to adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**
Please produce all Performance Development Summaries and any other related personnel file
pertaining to any adjuster that handled the claim at issue here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**
Please produce all documents related to how adjusters and other related claims handlers are
promoted within Allstate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47**
Please produce all records related to any data stored or generated by Colossus pertaining to this
storm event and claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48**
Please produce all records and documents about the identification, observation or description of
collateral damage in connection with the property at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49**
To the extent that you claim a privilege over any documents, please provide a privilege log in
accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT ALLSTATE

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**RESPONSE:**

Unofficial Copy Office of Chris Daniel District Clerk

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

18

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the
Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at
any time during the adjustment of the Claim.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the
Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

    **RESPONSE:**

Unofficial Copy Office of Chris Daniel District Clerk

7016 0600 0001 6813 6407

P-2

CAUSE NO. 201756195

RECEIPT NO.                          75.00      CTM
**********                         TR # 73409016

PLAINTIFF: GLAZE, MYRON                              In The    80th
            vs.                                      Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY   of Harris County Texas
                                                    80TH DISTRICT COURT
                                                    Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
    MAY BE SERVED THROUGH ITS REGISTERED AGENT
    CT CORPORATION SYSTEM

    1999 BRYAN STREET SUITE 900   DALLAS TX 75201 - 3140

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 22nd day of August, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 24th day of August, 2017, under my hand and
seal of said Court.

                                                    *Chris Daniel*

Issued at request of:                               CHRIS DANIEL, District Clerk
TAYLOR, ANDREW PAUL                                 Harris County, Texas
2211 NORFOLK ST. SUITE 800                          201 Caroline, Houston, Texas 77002
HOUSTON, TX 77098                                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 655-1405
Bar No.: 24070723                                   Generated By: ALEXANDER, RAYSHANA D  FEJ//10760648

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____          ADDRESS  _____

                                         Service was executed in accordance with Rule 106
_____               (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                                return receipt incorporated herein and attached
                                             hereto at

_____          on _____ day of _____, _____
                                         by U.S. Postal delivery to _____

                                         This citation was not executed for the following
                                         reason: _____

                                         CHRIS DANIEL, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                          *73409016*

7016 0600 0001 0813 4407

CAUSE NO. 201756195

RECEIPT NO.                                    75.00      CTM
**********                                TR # 73409016

PLAINTIFF: GLAZE, MYRON                        In The    80th
            vs.                                Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY   of Harris County, Texas
                                               80TH DISTRICT COURT
                                               Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
    MAY BE SERVED THROUGH ITS REGISTERED AGENT
    CT CORPORATION SYSTEM

    1999 BRYAN STREET SUITE 900    DALLAS TX 75201 - 3140

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 22nd day of August, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 24th day of August, 2017, under my hand and
seal of said Court.

                                               *Chris Daniel*

                                               CHRIS DANIEL, District Clerk
Issued at request of:                          Harris County, Texas
TAYLOR, ANDREW PAUL                            201 Caroline, Houston, Texas 77002
2211 NORFOLK ST. SUITE 800                     (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX 77098
Tel: (713) 655-1405
Bar No.: 24070723                              Generated By: ALEXANDER, RAYSHANA D .FEJ//10760648

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

                                               _____
                                               ADDRESS

_____              Service was executed in accordance with Rule 106
                                                   (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                                      return receipt incorporated herein and attached
                                                   hereto at

_____

                                               on _____ day of _____, _____
                                               by U.S. Postal delivery to _____

                                               This citation was not executed for the following
                                               reason: _____

                                               CHRIS DANIEL, District Clerk
                                               Harris County, TEXAS

                                               By _____, Deputy

N.INT.CITM.P                        *73409016*



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

# OFFICIAL USE

Certified Mail Fee
$ 3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)         $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery  $

Postage
$ 1.82
Total Postage and
$ 7.52

Sent To
ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
Street and Apt. No.
1999 BRYAN STREET SUITE 900
City, State, ZIP+4
DALLAS TX 75201 - 3140

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7016 0600 0001 0813 5407

201756195

RECEIVED
MR
SEP - 7 2017

Chris Daniel
District Clerk

Unofficial Copy Office of Chris Daniel District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

10/2/2017 7:39 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19779532
By: ALEX CASARES
Filed: 10/2/2017 7:39 AM

**CAUSE NO. 2017-56195**

| | | |
|---|---|---|
| **MYRON GLAZE,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **80th JUDICIAL DISTRICT** |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Allstate Vehicle and Property Insurance Company files this Original Answer to Plaintiff's Original Petition. Without waiving any of the defenses under the policy of insurance under which Plaintiff purports to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, and other policy terms now or later arising, Defendant respectfully shows the Court as follows:

### I.
### GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the material allegations contained in Plaintiff's Petition and any amendment or supplement to the Petition that Plaintiff may file in this lawsuit. In accordance with Texas law, Defendant demands that Plaintiff prove by credible evidence meeting the requisite standard of proof, each and every allegation made and contained in this case.

### II.
### REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this Request, the information and material described in Rule 194.2(a)-(l).

Respectfully Submitted,

/s/ Susan E. Egeland
W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@dbr.com
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@dbr.com
SARA E. INMAN
State Bar No. 24073098
sara.inman@dbr.com

DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded

to all counsel of record via eFile Texas on October 2, 2017.

Richard D. Daly
rdaly@dalyblack.com
ecfs@dalyblack.com
Andrew Taylor
ataylor@dalyblack.com
Charlie C Gustin
cgustin@dalyblack.com
David Bergen
dbergen@dalyblack.com
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098

/s/ Susan E. Egeland
SUSAN E. EGELAND